UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SHANE FLAUM, individually,

     Plaintiff,

v.

KAYE BENDER REMBAUM, P.L.,
a Florida Professional Limited Company,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES
### JURY DEMAND

1.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Defendant debt collector violated the FDCPA by sending Plaintiff a communication which placed an additional burden on Plaintiff in order to dispute the alleged debt.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Defendant resides here and does business in this District.

### PARTIES

3.    Plaintiff, SHANE FLAUM ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, KAYE BENDER REMBAUM, P.L. ("Defendant"), is a law firm, citizen of the State of Florida, and according to its website "a full service commercial law firm devoted to the representation of more than 800 community associations throughout Florida."[1] Defendant is headquartered in Pompano Beach, Florida.

5.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6.       Defendant is a "debt collector" as defined in the FDCPA. *See generally, Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361 (M.D. Fla. 2002).

7.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of the alleged debt.

8.      With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

*(a) Abusive practices*

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

---

[1] Source: http://www.kbrlegal.com/ (last accessed: July 2, 2013).

(b) Inadequacy of laws

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect an alleged debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family or household purposes.

10.     On March 11, 2013, Defendant sent Plaintiff a demand letter seeking to collect an alleged debt of nearly $7,000.00 dollars.

11.     A true and correct copy of the demand letter is attached hereto as "Exhibit A".

12.     The debt arises from allegedly unpaid maintenance or assessment fees to Plaintiff's community association.

13.     Based upon information and belief, the letter was Defendant's first communication with Plaintiff with respect to the debt alleged therein.

14.     The demand letter notifies Plaintiff that he must submit documentation in order to dispute the alleged debt. The relevant portion of the letter reads:

**If you dispute the amount due, please submit any documentation or evidence that you have in support of your contention that the amounts due are not correct.**

(Boldface in original).

3

15.    Under 15 U.S.C § 1692g(a)(3) the Defendant must provide the Plaintiff with:

> [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector...

16.    Although Defendant's demand letter recites the requisite language of 15 U.S.C. § 1692g(a)(3), the very next paragraph imposes an additional duty in order for Plaintiff to dispute the debt and thus impermissibly imposes an additional burden upon Plaintiff in order to dispute an alleged debt.

17.    In sum, the statement "**[i]f you dispute the amount due, please submit any documentation or evidence that you have in support of your contention that the amounts due are not correct**" overshadows the mandatory validation notice required under 15 U.S.C. § 1692g(a)(3). *See generally, Bartlett v. Heibl,* 128 F.3d 497 (7th Cir.1997) (stating that although the statute does not state that the disclosures must not be confusing to the unsophisticated debtor, the courts have held that it is implicit that a duty exists "to avoid confusing the unsophisticated consumer ... by contradicting or 'overshadowing' the required notice"); *see also*, *Lucas v. M.R.S. Assocs., Inc.,* 2005 WL 1926570, at *7 (N.D.Ind. Aug.11, 2005) (recognizing that the "requirement to *provide something*" violates the FDCPA).

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HIS FEDERAL
## RIGHTS UNDER 15 U.S.C. § 1692g(a)(3)

18.    Plaintiff incorporates Paragraphs 1 through 17.

19.    Defendant's request to submit documentation in order to dispute the debt was in violation of 15 U.S.C § 1692g(a)(3). *See generally, Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1079 (9th Cir. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of the instant suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTIVE OR MISLEADING NOTICE

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    By containing an additional requirement in its demand letter in order to dispute the debt, Defendant violated 15 U.S.C. §1692e(10) as the statements contained in said demand letter would be deceptive or misleading to the least

5

sophisticated consumer; furthermore, the language contained therein contradicted the statutory requirements afforded consumers as pronounced in 15 U.S.C. § 1692g, which does not require any documentation or evidence in order for a consumer to dispute the subject debt. *See generally*, *Baez v. Wagner & Hunt, P.A.,* 442 F. Supp. 2d 1273, 1274 (S.D. Fla. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

Dated this 4th day of July 2013.

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651

scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651